Fremont-Smith, Thayer, J.
In this action, attorney Robert Smith represents the defendants. The complaint alleges that Smith, acting as the defendants’ agent, both (a) defamed plaintiff by indicating to the Boston Globe that the plaintiff had concealed a conflict of interest when he accepted employment with Cambridge College;[1] and (b) interfered with the plaintiffs contractual relations with IDL by threatening that the college would withhold payment for services rendered by IDL unless IDL pressured the plaintiff not to sue the college as a result of his dismissal.
Mass.R.Prof. C. 3.7 provides that,
[A] lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness except where: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client.
A party generally enjoys the right to counsel of his or her choice. See Mailer v. Mailer, 390 Mass. 371, 373 (1983). Moreover, “courts should not lightly interrupt the relationship between a lawyer and [a] client.” Slade v. Ormsby, 69 Mass.App.Ct 542, 545 (2007). This *138 Court, however, may interfere when a lawyer’s testimony is likely to be “necessary” to prove disputed, material questions of fact, and no other evidence is available to prove those facts. Carta v. Lumbersmen Mut Cas. Co., 419 F.Sup.2d 23, 29 (D.Mass. 2006).
Here, it is alleged that Smith’s conversations with both the Boston Globe and with IDL were tortious. It is therefore likely that his testimony will be necessary to ascertain what, if anything, he told the Globe and IDL, and to ascertain whether his conversations with the Globe and IDL were tortious. See American Hosp. Supply Corp. v. Roy Lapidus, Inc., 493 F.Sup. 1076, 1078 (D.Mass. 1980) (disqualifying attorney “because of his active role in the sale which is the subject matter of litigation” and because he “has sufficient personal knowledge of material facts [such] that he ought to be called a witness”).[2] Indeed, as defendants deny that Smith engaged in any tortious conduct as their agent, he will also be a necessary witness on their behalf.
Given the relatively early stage of the litigation, Smith’s disqualification cannot reasonably be said to cause the defendants substantial hardship. The defendants must show hardship beyond the normal incidents of changing control, and they have not made this showing. See Carta, 419 F.Sup.2d at 31 (no substantial hardship although the case had spanned twelve years).
ORDER
For the foregoing reasons. Sonwalkar’s motion to disqualify attorney Robert Smith from representing the defendants at trial[3] is ALLOWED.

 At the time, the plaintiff was also the president of IDL Systems (“IDL”), a company that had a contract with the college to market and distribute by internet the college’s courses.

 Smith’s alleged conversations with the college’s trustees are, of course, protected by the attorney-client privilege.

 Such disqualification only prevents Smith from serving as an advocate at trial. He may continue to participate in pre-trial matters. See Culebras Enters. v. Rivera-Ros, 846 F.2d 94, 99 (1st Cir. 1988) (“Rule 3.7 is limited to situations where the lawyer-witness acts as trial counsel”).
Nor is the disqualification of Smith’s firm required. Rather, as a general rule “[a] lawyer may act as an advocate in a trial in which another lawyer in the lawyer’s firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.” Mass.R.Prof.C. 3.7(b). In other words, another lawyer in the firm may take Smith’s place unless prevented from doing so by a conflict of interest. No such a conflict of interest has been indicated here.